975 So.2d 1214 (2008)
J.S., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2713.
District Court of Appeal of Florida, Fifth District.
March 7, 2008.
James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
COHEN, J.
J.S., a juvenile, appeals an order of indirect criminal contempt stemming from a delinquency proceeding. On January 16, 2007, J.S. was arrested and detained for battery upon his younger brother. Detention for such an offense is authorized under section 985.255(1)(d), Florida Statutes (2006). A detention review hearing was held on February 1, 2007, at which time the trial court, exercising its discretion, ordered J.S. released from detention to his parents' custody under conditions set forth *1215 in a document entitled "Standard Behavior Order for Juveniles Charged with Committing a Delinquent Act." A condition of his release was that he conform to the behavior order.
On July 12, 2007, the father of J.S. submitted an affidavit, which triggered the contempt proceeding. His affidavit reflected that J.S. smoked marijuana daily, had been arrested for possession of an ounce of marijuana, stayed out until the early morning hours, continued to be physically abusive to his siblings, robbed a convenience store, and otherwise failed to abide by the terms and conditions of the behavior order. In response to what can only be characterized as the father's plea for help, the trial court issued an order to show cause and set a hearing. At that hearing, counsel for J.S. objected to the validity of the behavior order, and, based upon the court's prior rulings on the same issue, J.S. entered a plea of no contest and was sentenced to five days in secure detention. This appeal followed.
The first issue centers upon the court's authority to issue the behavior order. The initial secure detention order was lawful, and at the time of the February 1, 2007 detention review hearing, the court had authority to continue to detain J.S. Instead, she allowed J.S. to return home upon compliance with the behavior order's conditions. Those conditions were clearly less restrictive than secure detention. When the court otherwise has the authority to impose secure detention, it may also condition release from detention upon reasonable terms and conditions to insure the presence of the child at trial and protect the public, including the victim.
The remaining issue involves the court's refusal to allow credit for time served over the weekend. The court's decision apparently was motivated by the unavailability of an alternative placement because neither the parents nor the child desired a placement within the family home. Notwithstanding the reasons proffered, the record is devoid of any basis to impose a sentence greater than five days. § 985.037(2), Fla. Stat. (2006). The court is without authority to exclude weekends when calculating time served. J.B. v. State, 829 So.2d 376, 378 (Fla. 4th DCA 2002); L.K. v. State, 729 So.2d 1011, 1011 (Fla. 4th DCA 1999). While the written order lawfully sentenced J.S. to five days in secure detention, the corresponding provision that ordered his release after five weekdays had elapsed was error.
AFFIRMED in part, REVERSED in part.
TORPY and LAWSON, JJ., concur.